## CIRCUIT COURT OF FAIRFAX COUNTY

Wayne Jacques

v.

John P. Runion

### February 24, 1992

### Case No. (Chancery) 114350

BY JUDGE THOMAS J. MIDDLETON

The Court has reviewed the Application for Rule to Show Cause submitted in the above-referenced matter. For the following reasons, the court declines to enter the Rule to Show Cause.

As a preliminary matter, only *nonparties* must be served with a Request for Production of Documents by *subpoena duces tecum.* Rule 4:9(c). Since a *party* may be served by mail without leave of court, Rule 4:9(b), it was unnecessary to proceed by *subpoena duces tecum* against the defendant. Certain remedies are available against a party who fails to respond to a discovery request. Certain other remedies, including contempt, are available against a nonparty. But a plaintiff may not afford himself additional remedies by proceeding against a party as if he were a nonparty.

Before the court will issue a Rule to Show Cause against a *party* who has failed to comply with discovery, the party must have failed to comply with an Order Compelling Discovery. Rule 4:9(b) provides in pertinent part:

> The party submitting the request may move for an Order under Rule 4:12(a) [an Order Compelling Discovery] with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

This is, significantly, the *only* reference to an "order" in Rule 4:9(b). Rule 4:9(d) provides:

> If a party fails to obey *an order under (b) of this Rule*, the court may proceed as provided by Rule 4:12(b)(2).

Rule 4:12(b)(2)(D) authorizes the contempt remedy for failure to comply with a discovery order. However, since there has been no *"order under (b) of [Rule 4:9],"* this remedy is not available under Rule 4:9.

Nor is contempt a preferred remedy against a party under Rule 4:12, the general rule pertaining to failure to make discovery. Rule 4:12(d) provides:

> If a party . . . fails to serve a written response to a request for inspection submitted under Rule 4:9 . . . the court . . . may make such orders in regard to the failure as are just and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this Rule.

Although this Rule purports, at first glance, to give the court discretion to make any order it finds just, it conspicuously leaves out paragraph (D) of subdivision (b)(2), the paragraph which allows a contempt order as a sanction for failing to comply with a discovery order.

For all the foregoing reasons, the court declines to enter the Rule to Show Cause.